IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Lafayette Westly Knotts, ) | |
| ) | Civil Action No. 6:07-0590-MBS-WMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Cpl. Hammi Mays, Allendale ) | |
| Correctional Institution, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on the defendant's motion for summary judgment (doc. no. 13) and the plaintiff's motion to dismiss (doc. no. 15). The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff is an inmate currently being held at Evans Correctional Institution on a sentence for lynching in the second degree. At the time of the incident alleged in his complaint, he was an inmate in the Special Management Unit at Allendale Correctional Institution ("Allendale"). The defendant, Sgt. Hammie Mays, is employed with the South Carolina Department of Corrections ("SCDC") as a corrections officer at Allendale.

The defendants filed a motion for summary judgment on May 18, 2007. By order filed May 21, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure. On June 11, 2007,

the plaintiff filed a motion to dismiss, stating that he wanted to "do away with the lawsuit" he brought against defendant Mays. The defendant filed a response to the motion to dismiss, requesting that the dismissal of the case be with prejudice since he had filed a motion for summary judgment and supported the motion with a memorandum of law and affidavits.

## **FACTS PRESENTED**

On March 10, 2006, the plaintiff created a disturbance by kicking on his cell door. Sgt. Mays gave him several directives to stop. After the plaintiff refused to comply, Mays sprayed 90 grams of Top Cop gas into the plaintiff's cell through the window flap. The plaintiff ceased kicking on the cell door. Sgt. Mays contacted his supervising lieutenant and the medical unit. Nurse Goodwin examined the plaintiff 55 minutes after the incident occurred and noted that he was not in respiratory distress. She ensured that he was afforded running water in his cell (Mays aff.).

SCDC provides inmates a three-step grievance process. The plaintiff filed a Step 1 grievance regarding the allegations of this lawsuit on March 22, 2006, which was denied on April 26, 2006. He filed a Step 2 grievance on April 26, 2006, which the Department of Corrections denied on November 9, 2006, because the plaintiff did not provide evidence and no evidence could be found to substantiate his allegations. SCDC advised the inmate of his right to appeal the Step 2 decision to the South Carolina Administrative Law Court and provided the forms necessary to do so (Coleman aff.). The plaintiff did not appeal the Step 2 denial to the Administrative Law Court (Shealy aff.). The plaintiff filed the instant complaint in the United States District Court on February 27, 2007, seeking money damages pursuant to Section 1983.

**APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of

the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

   The defendant argues and has presented evidence that he is entitled to summary judgment on the plaintiff's claims because he is not a "person" within the meaning of Section1983, because he is entitled to qualified immunity, and because the plaintiff suffered only *de minimis* injuries. The plaintiff has failed to demonstrate that specific, material facts exist that give rise to a genuine issue and, in fact, the plaintiff himself has requested dismissal. Accordingly, summary judgment in favor of the defendant should be granted.

## CONCLUSION AND RECOMMENDATION

   Wherefore, based upon the foregoing, this court recommends that the defendant's motion for summary judgment and the plaintiff's motion to dismiss be granted, and the case be dismissed with prejudice.

                 s/William M. Catoe
                  United States Magistrate Judge

October 26, 2007

Greenville, South Carolina